# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN M. ROBINSON,

                Petitioner,

v.

CHRIS STEVENS,

                Respondent.

Case No. 23-CV-1674-JPS

**ORDER**

## 1. INTRODUCTION

On December 13, 2023, Petitioner Kevin M. Robinson ("Petitioner"), through counsel, filed a pro se petition for a writ of habeas corpus ("petition"). ECF No. 1 at 1-13. On February 1, 2024, Magistrate Judge William E. Duffin screened the petition and ordered Respondent Chris Stevens ("Respondent") to file either an answer to the petition or a motion to dismiss the petition. ECF No. 4. On April 1, 2024, Respondent moved to dismiss the petition and filed a brief in support. ECF Nos. 8, 9. Petitioner filed a brief in response to the motion to dismiss on April 29, 2024, to which Respondent filed a reply brief on May 28, 2024. ECF Nos. 10, 11. The motion to dismiss is fully briefed and ready for disposition. For the reasons stated below, the Court will grant Respondent's motion to dismiss the petition because it is untimely and will dismiss this case with prejudice.

## 2. FACTUAL BACKGROUND

Petitioner was convicted of human trafficking, two counts of trafficking a child, kidnapping, armed burglary as a party to a crime, attempted armed robbery as a party to a crime, and misdemeanor battery at trial in 2018. ECF No. 1 at 2, 15–19. The trafficking and kidnapping

charges stem from Petitioner's trafficking of two children and one adult in 2015 and 2016. *Id.* at 15. Petitioner was also charged with false imprisonment and misdemeanor battery for beating the adult victim in December 2016 and with the July 2015 kidnapping of one child victim. *Id.* Petitioner's armed burglary and armed robbery charges stem from an attempted home invasion conducted in retaliation against a child victim who had escaped Petitioner's confinement. *Id*.

Before trial, Petitioner requested to exercise his right to self-representation. *Id.* at 16. After an extensive colloquy with Petitioner, the trial court found him competent to represent himself. *Id.* The court also appointed a standby counsel. *Id.* At a jury trial in December 2017, Petitioner represented himself. *Id.* Petitioner gave a closing argument before the jury containing numerous arguments and allegations that the trial court found to be unacceptable. *See id.* at 16–18. Standby counsel took over the closing argument in which he conceded Petitioner's guilt on the battery charge. *Id.* at 18. The State made comments about standby counsel's argument in its rebuttal, to which the counsel did not object. *See id* at 18–19.

Petitioner was convicted of two counts of child trafficking, one count of kidnapping, one count of armed burglary as a party to the crime, one count of attempted armed robbery by threat of force as a party to the crime, one count of human trafficking, one count of false imprisonment, and one count of misdemeanor battery. ECF No. 9 at 2. The court sentenced Petitioner to an aggregate sixty-three years of imprisonment, followed by twenty-two and a half years of extended supervision. *Id*. Petitioner is serving his term of imprisonment at Green Bay Correctional Institution in Green Bay, Wisconsin. ECF No. 1 at 1.

Page 2 of 8
Case 2:23-cv-01674-JPS    Filed 01/31/25    Page 2 of 8    Document 12

Petitioner sought a retrial in October of 2020. Petitioner alleged that his right to self-representation had been violated when the court replaced him with standby counsel during the closing argument and that the counsel was ineffective because he had not consulted with him prior to proceeding, conceded the battery charge, and did not object to the State's derogatory comments. *Id.* at 19. The postconviction court rejected Petitioner's arguments, stating that Petitioner's right to self-representation had been rightly revoked and that counsel had not been ineffective because Petitioner did not demonstrate that he was prejudiced by the alleged ineffectiveness. *Id.* at 19–20. Petitioner appealed this judgment and the denial of his postconviction motion. The appellate court affirmed the postconviction court's judgment in full on May 3, 2022. *Id.* at 14–15. Petitioner filed a petition for review in the Wisconsin Supreme Court, but it denied certiorari on September 13, 2022. ECF No. 9-3.

Petitioner now brings his habeas petition, seeking relief on the basis that his right to self-representation at trial was wrongly denied and that standby counsel was ineffective. ECF No. 1 at 6–7. Respondent contends, however, that the petition must be dismissed because it was filed one day late and is therefore untimely. ECF No. 9 at 1.

3. **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

4. **ANALYSIS**

Respondent moves to dismiss the petition and argues that it is untimely because it was filed one day late. ECF No. 9 at 4. Respondent maintains Petitioner's conviction became final on December 12, 2022, ECF No. 9 at 6, whereas Petitioner argues it became final on December 13, 2022.

*See* ECF No. 10 at 1.[1] Petitioner acknowledges that he filed the petition on December 13, 2023, but argues that this was timely. *Id.* Petitioner argues that correctly applying the "anniversary rule" shows that the petition is timely.

In *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), the Seventh Circuit adopted the "anniversary rule" to calculate the timeliness of habeas petitions. The *Marcello* court articulated the anniversary rule's application: "the first day of the 1-year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary date of the certiorari denial to file their habeas motion." *Id.* Courts in this district have applied the anniversary rule to § 2254 petitions. *See, e.g., Irving v. Pollard,* No. 16-CV-22-JPS, 2016 WL 3080818, at *5 (E.D. Wis. May 31, 2016); *Farr v. Pollard*, No. 17-CV-798, 2017 WL 11707578, at *2 (E.D. Wis. Dec. 18, 2017); *Burns v. Pugh*, No. 09-C-1149, 2010 WL 2545701, at *1 (E.D. Wis. June 18, 2010).

Contrary to Petitioner's argument, however, the parties do not dispute that the anniversary rule applies. *See* ECF No. 11 ("Robinson is correct that this Court has adopted the 'anniversary date' rule for calculating the expiration of the time to file a habeas corpus petition."). Instead, the date the parties actually dispute is the date Petitioner's conviction became final. As identified above, this date is crucial to determine when the statute of limitations period began to run.

Petitioner asserts, without any explanation, that his conviction became final on December 13, 2022. ECF No. 10 at 1 ("Mr. Robinson agrees that his state conviction became final on December 13, 2022…."). In

---

[1]Petitioner mistakenly states that the parties agree that the conviction became final on December 13, 2022. *See* ECF No. 10 at 1.

contrast, Respondent maintains instead that the conviction became final on December 12, 2022. In arriving at this date, Respondent explains that the conviction became final "90 days after September 13, 2022, when the Wisconsin Supreme Court issued its order denying his petition for discretionary review." ECF No. 9 at 6.[2]

The Court agrees with Respondent's calculation and that the conviction therefore became final on December 12, 2022. Based on this date, the statute of limitations began running the following day on December 13, 2022. *See Burns*, 2010 WL 2545701, at *1 (applying *Marcello* and finding that the statute of limitations began to run on December 11, 2008 when the conviction became final on December 10, 2008). However, this December 13, 2022 date does not mean that Petitioner had until December 13, 2023 to file his petition. *See id.* ("Although it is true that the one-year period did not begin to run until December 11, 2008, this does not mean that petitioner had until December 11, 2009 to file his petition."). Correctly applying the anniversary rule, the last day to file the petition was instead December 12, 2023, the anniversary date of which Petitioner's conviction became final. *See id.* Petitioner acknowledges that the petition was filed on December 13, 2023. ECF No. 10 at 1. As such, the Court finds that the petition was filed one day late and is therefore untimely.

Finally, the Court does not find that either statutory or equitable tolling applies to excuse the untimely petition. To begin, Petitioner has not argued that tolling applies. Further, the Seventh Circuit has explicitly held that missing the filing deadline by one day is not grounds for equitable

---

[2]Respondent also explains why September, 14, 2022, the date the Wisconsin Supreme Court issued its remittitur, is not the relevant date. ECF No. 9 at 6–7. Petitioner does not respond to this argument.

Page 6 of 8
Case 2:23-cv-01674-JPS    Filed 01/31/25    Page 6 of 8    Document 12

tolling. *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). As the court stated, "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere." *Id.* The Court therefore finds that tolling does not apply to excuse the untimely petition. As such, the Court is obliged to grant Respondent's motion to dismiss the petition because it is untimely.[3]

**5.     CONCLUSION**

The Court grants Respondent's motion to dismiss the petition. Petitioner brought his petition one day after the expiration of the statute of limitations period and tolling does not apply. The petition is therefore untimely and must be dismissed with prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." To obtain a certificate of appealability, the Petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). For the reasons discussed above, no reasonable jurists could debate whether the petition was untimely. The Court will, therefore, deny Petitioner a certificate of appealability.

---

[3]The Court does not address Respondent's alternative argument of procedural default because it finds that the petition was untimely.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss, ECF No. 8, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge